HOWARD EBERT, HENRY EBERT, JR., HAROLD STATTEL and EDNA M. EBERT, Appellants, v. FREDERICK COYNE, Respondent. (Action No. 1.) THE HOME INSURANCE COMPANY, Respondent, v. FRED G. COYNE, Respondent. (Action No. 2.) CHARLES STAUBITZER, Respondent, v. FREDERICK COYNE, EDNA M. EBERT and HOWARD EBERT, Respondents. (Action No. 3.) — Plaintiffs in one of three actions appeal from the order of Special Term, Nassau county, removing the several actions to the Supreme Court and consolidating them with the action pending in the Supreme Court. Order affirmed, with ten dollars costs and disbursements. We cannot say from the record that the order appealed from passed beyond the limit of a sound judicial discretion. Hagarty, Carswell, Davis and Adel, JJ., concur; Lazansky, P. J., dissents.

DANIEL J. GALLAGHER, Appellant, v. HUGH BIRNEY, as President, or WALTER MATTHEWS, as Treasurer, of Metallic Lathers Union Local No. 46, an Unincorporated Association, Respondent.— Judgment in an action for personal injuries, entered upon the verdict of a jury in favor of the defendant, reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event, on the ground that the determination of the jury is against the weight of the evidence. Lazansky, P. J., Johnston and Taylor, JJ., concur; Hagarty and Close, JJ., dissent and vote to affirm.

In the Matter of the Judicial Settlement of the Account of Proceedings of WILLIAM K. REMSEN and PETER REMSEN, as Executors, etc., of WILLIAMSON KOUWENHOVEN, Deceased. WILLIAM K. REMSEN and PETER REMSEN, as Executors, etc., of WILLIAMSON KOUWENHOVEN, Deceased, Appellants; FRANK KOUWENHOVEN and and JENNIE JOHNSTON, Respondents.— Decree of the Surrogate's Court of Richmond county allowing the claims of respondents against the estate of Williamson Kouwenhoven, deceased executor of the estate of Abby Kouwenhoven, unanimously affirmed, with costs to respondents, payable out of the estate of Williamson Kouwenhoven. The evidence was sufficient to establish negligence on the part of the deceased executor in surrendering the entire control and management of the estate to an attorney, by whom a portion of the assets was converted. The theory of fraud adopted in the affidavits submitted by the claimants in support of their claims does not preclude a recovery on the theory of negligence, in view of the absence of statutory requirement for formal pleadings (Surr. Ct. Act, §§ 207–211), the facts having been alleged in sufficient detail to put the appellants on notice as to the nature of the claims. The negligence established was of such a character as to render the deceased executor responsible for the loss. (Earle v. Earle, 93 N. Y. 104.) Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.